| | |
|---|---|
| 1 | Thomas E. Campagne, #065375 |
| | Wiley R. Driskill, #253913 |
| 2 | Campagne, Campagne & Lerner |
| | A Professional Corporation |
| 3 | 1685 North Helm Avenue |
| | Fresno, California 93727 |
| 4 | Telephone: (559) 255-1637 |
| | Facsimile: (559) 252-9617 |
| 5 | cc@campagnelaw.com |

Attorneys for Plaintiff Golden State Bank; and representing itself in this motion.

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA – WESTERN DIVISION

| | |
|---|---|
| GOLDEN STATE BANK, a California Corporation, | Case No. EDCV10-526 GW(OPx) |
| | AAA Case No. 72-148-Y-553-10-GLO |
| Plaintiff, | **REPLY BRIEF IN SUPPORT OF THE LAW FIRM OF CAMPAGNE, CAMPAGNE & LERNER, A PROFESSIONAL CORPORATION'S (COUNSEL OF RECORD FOR PLAINTIFF GOLDEN STATE BANK) PETITION TO VACATE THE ARBITRATOR'S DISCOVERY ORDER TO ALLOW ACCESS INTO THE LAW FIRM'S PRIVATE COMPUTER SYSTEM AND/OR FOR RE-HEARING [Pursuant To Federal Arbitration Act 9 USC §10(a)(4) and §10(b); California Arbitration Act CCP §1285, 1286.2(a)(4) and 1287] AND/OR FOR PROTECTIVE ORDER [CCP §2025.420(b), CCP §2031.060, and FRCP §26(c)]** |
| vs. | |
| FIRST-CITIZENS BANK & TRUST COMPANY, a North Carolina Corporation, | |
| Defendant. | |
| | Hearing Date: July 7, 2011 |
| | Hearing Time: 8:30 a.m. |
| | Dept: Hon. George H. Wu |
| | Courtroom 10 – Spring Street Floor |
| | 312 N. Spring Street |
| | Los Angeles, California 90012 |
| | Order Compelling Arbitration Granted by Judge Wu on 5/24/2010; pursuant to GSB's Petition for Order to Compel Arbitration filed 4/26/2010. |

CAMPAGNE, CAMPAGNE & LERNER
A PROF. CORP.
AIRPORT OFFICE CENTER
1685 NORTH HELM AVENUE
FRESNO, CALIFORNIA 93727
TELEPHONE (559) 255-1637
FAX (559) 252-9617

REPLY BRIEF IN SUPPORT OF THE LAW FIRM'S PETITION TO VACATE THE ARBITRATOR'S DISCOVERY ORDER TO ALLOW DEFENDANT ACCESS INTO THE LAW FIRM'S PRIVATE COMPUTER AND/OR FOR RE-HEARING AND/OR FOR PROTECTIVE ORDER

# TABLE OF CONTENTS

Page(s)

I. INTRODUCTION .................................................................................................. 1

II. ARGUMENT ......................................................................................................... 2

    A. FCB Does Not Address And Thus Concedes That The Campagne Law Firm, As A Non-Party, Has Standing To Bring These Motions To The Federal District Court And Seek Relief. .................................................................................................... 2

    B. Since The Filing Of The Campagne Law Firm's *Petition To Vacate The AAA's Order To Allow Access To The Law Firm's Computer Files*," The AAA Has Granted GSB's Motions In Limine To Preclude FCB From Calling Attorney Thomas Campagne At The Hearing And From Introducing Mr. Campagne's Internal File Memoranda Into Evidence. ......... 2

    C. The Law Is Clear That An Arbitrator's Authority Over Third-Party Non-Litigants Is Strictly Limited To Issuing A Subpoena Compelling A Third-Party To Appear At The Actual Arbitration Hearing As A Witness And Bring With Him Relevant Documents. ............................................................... 4

    D. FCB Strangely Argues, Again Without Any Authority, That The AAA's Own Rules Empower The AAA To Compel A Third Party To Submit The Search Of Its Confidential Computer System, Is Simply Without Merit. ............................... 6

    E. FCB's Plea That The Court Should "*Respect*" The Arbitrator By Enforcing Its "*Order*" Is Without Merit. ...................................... 8

    F. FCB's Objection To Characterizing Its Attempt To Access The Computer System Of Opposing Counsel As A "Fishing Expedition" Is Simply Unavailing. ............................................... 8

III. CONCLUSION ................................................................................................. 10

CAMPAGNE, CAMPAGNE & LERNER
A PROF. CORP.
AIRPORT OFFICE CENTER
1685 NORTH HELM AVENUE
FRESNO, CALIFORNIA 93727
TELEPHONE (559) 255-1637
FAX (559) 252-9617

REPLY BRIEF IN SUPPORT OF THE LAW FIRM'S PETITION TO VACATE THE ARBITRATOR'S DISCOVERY ORDER TO ALLOW DEFENDANT ACCESS INTO THE LAW FIRM'S PRIVATE COMPUTER AND/OR FOR RE-HEARING AND/OR FOR PROTECTIVE ORDER

Page i

# TABLE OF AUTHORITIES

Page(s)

### Cases

*AFL-CIO v. WJBK-TV* (6th Cir. 1999)
   164 F.3d 1004 .................................................................................................... 5

*Great Scott Supermarkets, Inc. v. Local Union No. 337* (E.D. Mich. 1973)
   363 F.Supp. 1351 ............................................................................................... 5

*Hay Group, Inc. v. E.B.S. Acquisition Corp.* (3rd Cir. 2004)
   360 F.3d 404 ................................................................................................. 4, 5

*In re: Sec. Life Ins. Co of Am.* (8th Cir. 2000)
   228 F.3d 865 .................................................................................................... 5

*Kennedy v. American Express* (S.D. Fla 2009)
   646 F.Supp.2d 1342 .................................................................................. 4, 6, 9

*Life Receivables Trust v. Syndicate 102 at Lloyd's of London*
   (2nd Cir. 2008) 549 F.3d 210 ........................................................................... 5

*O'Flaherty vs. Belgum* (App. 2 Dist. 204)
   115 Cal.App.4th 1044 ...................................................................................... 7

*Spectra Physics, Inc. vs. Teledyne* (1988)
   198 Cal.App.3d. 1487 ...................................................................................... 9

### Statutes

9 U.S.C. §10 ............................................................................................................ 2

9 U.S.C. §7 ..................................................................................................... passim

### Other Authorities

Elkouri & Elkouri, How Arbitration Works (6Th Ed. 2010), Ch. 8.3.E.i The
   Federal Arbitration Act (a); 2010 Cumulative Supp. ....................................... 6

CAMPAGNE, CAMPAGNE & LERNER
A PROF. CORP.
AIRPORT OFFICE CENTER
1685 NORTH HELM AVENUE
FRESNO, CALIFORNIA 93727
TELEPHONE (559) 255-1637
FAX (559) 252-9617

REPLY BRIEF IN SUPPORT OF THE LAW FIRM'S PETITION TO VACATE THE ARBITRATOR'S DISCOVERY ORDER TO ALLOW DEFENDANT ACCESS INTO THE LAW FIRM'S PRIVATE COMPUTER AND/OR FOR RE-HEARING AND/OR FOR PROTECTIVE ORDER

## I. INTRODUCTION

FCB's Opposition Brief is rife with accusations and name calling but short on law or facts. FCB's argument can be summarized by FCB's circular assertion that because the Campagne Law Firm does not want FCB to access its highly confidential computer system, then it must be "*guilty*" and therefore the Court should grant FCB access to opposing counsel's computer system. Such an argument (using the term loosely) is difficult to respond to due to its patent ridiculousness.

Instead of emotion and hyperbole, the facts and law are much simpler. FCB wants the Court to enforce a private arbitrators' "*order*" and compel a non-litigant third party (the Campagne Law Firm) to allow FCB to go onto its private property and access its private computer system so that it can inspect opposing counsel's attorney/client files. However, on June 27, 2011, the AAA granted GSB's Motions in Limine so that FCB cannot call Thomas Campagne to testify at the Arbitration and FCB cannot use Mr. Campagne's internal memorandums as evidence. (See, AAA's 6/27/11 Order Granting Claimant Golden State Bank's "*Motions In Limine Nos. 1 & 2 To Exclude The Testimony Of Thomas Campagne and To Exclude Mr. Campagne's File Memoranda Regarding Telephone Conversations With Raymond King*," which document was previously provided to the Court as Exhibit A to the Second Supplemental Declaration of Thomas Campagne, Doc. No. 87) Therefore, the AAA "*order*" allowing FCB to access the confidential computer system of the Campagne Law Firm is now without purpose, since the underlying documents have, in the meantime, been ruled inadmissible.

FCB's Opposition Brief, once the reader gets past all of the name calling, simply points to **no** provision in the Federal Arbitration Act ("*FAA*") that gives an arbitrator the power to compel a third party (non-litigant) to submit to a physical entry into their private property, for accessing their confidential computer system, etc. This is not surprising as the only power that the FAA provides to an arbitrator regarding third parties such as the Campagne Law Firm is the power to "*subpoena*" a person to attend the actual arbitration hearing, with or without records. (9 U.S.C. §7.)

CAMPAGNE, CAMPAGNE & LERNER
A PROF. CORP.
AIRPORT OFFICE CENTER
1685 NORTH HELM AVENUE
FRESNO, CALIFORNIA 93727
TELEPHONE (559) 255-1637
FAX (559) 252-9617

REPLY BRIEF IN SUPPORT OF THE LAW FIRM'S PETITION TO VACATE THE ARBITRATOR'S
DISCOVERY ORDER TO ALLOW DEFENDANT ACCESS INTO THE LAW FIRM'S PRIVATE
COMPUTER AND/OR FOR RE-HEARING AND/OR FOR PROTECTIVE ORDER

Page 1

Here, the AAA did <u>not</u> issue a <u>subpoena</u> to the Campagne Law Firm. Instead, it issued an "*order*" commanding that the (non-party) Campagne Law Firm allow FCB access to its highly confidential computer system so that it can review the Campagne Law Firm's attorney-client file regarding this litigation. Thus, The Campagne Law Firm prays for an order from this Court declaring that the AAA's Order (to allow entry into the Law Firm's computer system) is <u>invalid</u>.

## II. ARGUMENT

### A. FCB Does Not Address And Thus Concedes That The Campagne Law Firm, As A Non-Party, Has Standing To Bring These Motions To The Federal District Court And Seek Relief.

The Campagne Law Firm argued at page 7 of its Supplemental Brief that this Court has the authority to vacate an AAA Order against a non-party to compel computer access into a law firm's computer system to access client files, pursuant to the Federal Arbitration Act, 9 U.S.C. §10, as well as seek a protective order. FCB does not address, and has thus conceded, that the Campagne Law Firm may bring this motion to this Court and seek relief.

### B. Since The Filing Of The Campagne Law Firm's "*Petition To Vacate The AAA's Order To Allow Access To The Law Firm's Computer Files*," The AAA Has Granted GSB's Motions In Limine To Preclude FCB From Calling Attorney Thomas Campagne At The Hearing And From Introducing Mr. Campagne's Internal File Memoranda Into Evidence.

The issues to be litigated in the underlying dispute regarding the Participation Agreement are straightforward: (1) did GSB demand in writing to be made Lead Bank; (2) did FCB deny in writing GSB's demand to be Lead Bank; (3) did GSB demand in writing, after the foreclosure of the collateral, to put 34% of the title to the property in GSB's name; (4) did FCB refuse in writing to put 34% of the title to the property in GSB's name; (5) did FCB wrongfully fail to have the developer post a bond to pay the subcontractor when such failure resulted in over $1 million in mechanic's liens that are superior to the Deed of Trust; and (6) did FCB act wrongfully when it disbursed money to the general contractor without investigating whether the subcontractors had been paid and/or in failing to obtain mechanic lien releases from the subcontractors. If these or

REPLY BRIEF IN SUPPORT OF THE LAW FIRM'S PETITION TO VACATE THE ARBITRATOR'S DISCOVERY ORDER TO ALLOW DEFENDANT ACCESS INTO THE LAW FIRM'S PRIVATE COMPUTER AND/OR FOR RE-HEARING AND/OR FOR PROTECTIVE ORDER

Page 2

any other breaches are proven by GSB at trial, then GSB will ask for damages and/or rescission and restitution (for return of its initial investment).

   FCB has now changed its strategy and wants to argue that GSB's attorney, Thomas Campagne, somehow orally modified the Participation Agreement or consented to FCB's breaches of the Participation Agreement; in his communications with opposing counsel. In response, GSB made Motions in Limine to preclude its attorney, Thomas Campagne, from being called as a witness during the Arbitration and to preclude his internal memorandums from being introduced into evidence.

   The motions in limine pointed out that consent is a defense to tort liability, not contract; and that the Participation Agreement's own written terms provide that any modifications to its terms must be contained in a writing signed by the parties. Further, GSB argued that evidence of the party's conduct or statements made during settlement discussion between the parties, are inadmissible.

   On June 27, 2011, the AAA agreed and precluded FCB from calling Thomas Campagne as a witness and excluded internal memoranda and the transcript of his deposition from being used as evidence. (6/27/11 Order Granting Claimant Golden State Bank's Motions In Limine (Nos. 1 & 2) To Exclude The Testimony Of Thomas Campagne and To Exclude Mr. Campagne's File Memoranda Regarding Telephone Conversations With Raymond King," attached as Exhibit A to Doc. No. 87.) FCB's entire stated goal for accessing the computer system of the Campagne Law Firm is <u>now without purpose</u>. That is, FCB cannot call Thomas Campagne to testify at the Arbitration and FCB cannot use Mr. Campagne's internal memorandums as evidence. Therefore, allowing FCB to access the computer system is simply without purpose as the "evidence" that FCB seeks has already been barred from coming into evidence.

\\\
\\\
\\\
\\\

CAMPAGNE, CAMPAGNE & LERNER
A PROF. CORP.
AIRPORT OFFICE CENTER
685 NORTH HELM AVENUE
FRESNO, CALIFORNIA 93727
TELEPHONE (559) 255-1637
FAX (559) 252-9617

REPLY BRIEF IN SUPPORT OF THE LAW FIRM'S PETITION TO VACATE THE ARBITRATOR'S DISCOVERY ORDER TO ALLOW DEFENDANT ACCESS INTO THE LAW FIRM'S PRIVATE COMPUTER AND/OR FOR RE-HEARING AND/OR FOR PROTECTIVE ORDER

Page 3

     **C.   The Law Is Clear That An Arbitrator's Authority Over Third-Party Non-Litigants Is Strictly <u>Limited</u> To Issuing A <u>Subpoena</u> Compelling A Third-Party To <u>Appear</u> At The Actual Arbitration Hearing As A Witness And Bring With Him Relevant Documents.**

FCB's acerbic Opposition Brief asks this Court to ignore the fact that an Arbitrator simply has no power to order a non-party to submit to an intrusion onto their private property. However, an arbitrator's authority over third-parties that are not contractually bound by the arbitration agreement *"is strictly limited to that granted by the Federal Arbitration Act."* (***Hay Group, Inc. v. E.B.S. Acquisition Corp.*** (3rd Cir. 2004) 360 F.3d 404, 406; *cf.* ***Kennedy v. American Express*** (S.D. Fla 2009) 646 F.Supp.2d 1342, 1343 [*"The only power that an arbitrator has over non-parties is what Congress has provided in the FAA"*].) And the only power the FAA grants an arbitrator over third-parties is found in §7 of the FAA, which provides that the arbitrator *"may summon in writing any person to <u>attend before them</u> or any of them as a witness and in a proper case to bring with him or them any book, record, document, or paper which may be deemed material as evidence in the case."* (9 U.S.C. §7 [emphasis added].) Thus, the only power an arbitrator has over a third-party non-litigant is to issue a subpoena for him to appear before them at the arbitration hearing and produce the requested <u>documents</u> at that time. <u>That is it</u>. (***Hay Group, Inc.****, supra,* at 406-407.)

     Without citation to any authority, FCB asserts that the Federal Arbitration Act allows an arbitrator to "order" a third party, such as the Campagne Law Firm, to allow access to its computer system, only because the arbitrator could subpoena that party to come to the arbitration with a *"book, record, document or paper."* The argument simply makes no sense as <u>that is not what FCB wants to do in the instant case</u>. It does not want to subpoena Mr. Campagne to appear at the hearing with documents (as it cannot because the AAA recently <u>granted</u> GSB's motions in limine to preclude Mr. Campagne as a witness). Instead, FCB wants to rummage through a third party law firm's computer system. Thus, this is not a subpoena to show up at trial and produce documents, records or other papers. Indeed, such documents have already been produced. Further, the

IPAGNE, CAMPAGNE & LERNER
A PROF. CORP.
AIRPORT OFFICE CENTER
685 NORTH HELM AVENUE
FRESNO, CALIFORNIA 93727
TELEPHONE (559) 255-1637
FAX (559) 252-9617

REPLY BRIEF IN SUPPORT OF THE LAW FIRM'S PETITION TO VACATE THE ARBITRATOR'S DISCOVERY ORDER TO ALLOW DEFENDANT ACCESS INTO THE LAW FIRM'S PRIVATE COMPUTER AND/OR FOR RE-HEARING AND/OR FOR PROTECTIVE ORDER

Page 4

Arbitrators have already ruled that Mr. Campagne will not be testifying at trial nor will his internal memoranda be produced at trial. Thus, there is simply no legal, factual or logical support to FCB's assertions.

Nevertheless, as it did before, FCB's Opposition Brief again argues that there is a split among the Circuit Courts regarding the enforceability of prehearing discovery against third parties. Again, FCB is not being candid with this Court when it generically refers to "*discovery orders.*" The cases FCB cites deal solely with subpoenas compelling the production of documents from third-parties. (See, *AFL-CIO v. WJBK-TV* (6th Cir. 1999) 164 F.3d 1004, 1009-1010; *In re: Sec. Life Ins. Co of Am.* (8th Cir. 2000) 228 F.3d 865, 870-871; *Life Receivables Trust v. Syndicate 102 at Lloyd's of London* (2nd Cir. 2008) 549 F.3d 210, 212; *Great Scott Supermarkets, Inc. v. Local Union No. 337* (E.D. Mich. 1973) 363 F.Supp. 1351.) None of these subpoena cases deal with the mere "*order*" at issue here – i.e. an arbitrator ordering the physical search and inspection of a third-party's private property. The "*split*" FCB identifies among the circuits is merely whether an arbitrator can compel a third-party to produce documents pursuant to a subpoena before the hearing occurs, as opposed to at the arbitration hearing itself. Here, FCB is not attempting to enforce a subpoena for the production of documents. FCB already has the documents it seeks. Rather, FCB is attempting to enforce an arbitrator's "*order*" commanding a third-party, the Campagne Law Firm, to permit the physical search and inspection of the law firm's private computer network.

FCB's Opposition, of course, provides no authority that a private arbitrator can command a physical search of a third-party's private property. Again, an arbitrator's authority over third-parties is "*strictly limited to that granted by the FAA,*" which provides only for the enforcement of subpoenas commanding the third-party to appear at the arbitration hearing and produce relevant documents at that time. (**Hay Group**, *supra*, 360 F.3d at 406-408; see also, **Life Receivables Trust**, *supra*, 549 F.3d at 218.) The split of authority among the Circuits pertains only to "*... the issue of whether Section 7 of the FAA provides arbitrators with the authority to issue subpoenas to a third party to produce*

PAGNE, CAMPAGNE & LERNER
A PROF. CORP.
AIRPORT OFFICE CENTER
685 NORTH HELM AVENUE
FRESNO, CALIFORNIA 93727
TELEPHONE (559) 255-1637
FAX (559) 252-9617

REPLY BRIEF IN SUPPORT OF THE LAW FIRM'S PETITION TO VACATE THE ARBITRATOR'S DISCOVERY ORDER TO ALLOW DEFENDANT ACCESS INTO THE LAW FIRM'S PRIVATE COMPUTER AND/OR FOR RE-HEARING AND/OR FOR PROTECTIVE ORDER

Page 5

*documents during prehearing discovery*" as opposed to only issuing subpoenas to attend the hearing itself. (Elkouri & Elkouri, How Arbitration Works (6Th Ed. 2010), Ch. 8.3.E.i The Federal Arbitration Act (a); 2010 Cumulative Supp., pgs. 159-160.) The split is irrelevant to the present dispute as this is not an issue about a subpoena to produce documents, either at the hearing or during prehearing discovery. In this case, the documents have already been produced and instead litigant FCB is seeking access to poke around in his opposition's attorneys' computer system. There is simply no authority for such an intrusion.

Pursuant to Section 7 of the FAA, the Arbitrators here do not have the authority to compel Mr. Campagne to do <u>anything</u> other than appear as a witness with requested documents at the trial, <u>if</u> he were so subpoenaed (which he was not). (See, e.g., *Kennedy, supra*, 646 F.Supp.2d at 1346 [*"absent a Congressional amendment to § 7, an arbitrator lacks the ability to compel pre-hearing discovery from non-parties"*].) Therefore, the Arbitrators' order regarding search of the Campagne firm's computers is completely without authority and must be vacated.

D.  **FCB Strangely Argues, Again Without Any Authority, That The AAA's Own Rules Empower The AAA To Compel A Third Party To Submit The Search Of Its Confidential Computer System, Is Simply Without Merit.**

Even the AAA rules for Commercial Arbitration do <u>not</u> allow the production of information from <u>non-parties</u>, but only allow an arbitrator to issue orders against a party litigant to produce documents (not compel entry onto private property or access a private computer network). (See, Commercial AAA Rule R-21.) In this case, the AAA's Preliminary Hearing (Scheduling Order) dated September 23, 2010, stated that the AAA proceeding would follow the Employment Arbitration Rules of the AAA. The AAA's Employment Arbitration Rules further limit the arbitrators even more severely. (See, AAA Rule 31 and 32.)

FCB strangely states that the AAA's rules authorize the AAA to order a third party (non-litigant), such as the Campagne Law Firm, to submit to an intrusion into

REPLY BRIEF IN SUPPORT OF THE LAW FIRM'S PETITION TO VACATE THE ARBITRATOR'S DISCOVERY ORDER TO ALLOW DEFENDANT ACCESS INTO THE LAW FIRM'S PRIVATE COMPUTER AND/OR FOR RE-HEARING AND/OR FOR PROTECTIVE ORDER

Page 6

their private computer system. (See, FCB's Opposition, pg. 16-17.) FCB, of course, supplies no authority concerning its assertions that the AAA can grant itself powers that Congress did not. The sole authority for that statement is a citation to the AAA's rules, R33, which states that *"an arbitrator finding it necessary to make an inspection or investigation in connection with the arbitration shall direct AAA to so notify the parties."* Thus, the rule states that if the arbitrators find it necessary to do a judge's site inspection (of the parties' premises), they are free to do so. First, it is FCB who requested the access to the Campagne Law Firm's computer system, not the arbitrators. Second, and more importantly, it says nothing about granting the arbitrator powers to compel access to a non-party's property. That is not contemplated by the rule as FCB now baldly asserts.

Again, an arbitrator's only power is limited to subpoenas enforceable against the litigating parties; because the litigating parties have <u>contractually</u> obligated themselves to the provisions of the Federal Arbitration Act. An Arbitrator may <u>not</u> exceed his power by trying to encompass <u>non-parties</u> to the arbitration agreement.

> *"[An] Arbitrator exceeds his powers when he acts <u>without subject matter jurisdiction</u>, decides an issue that was not issued to arbitration,...issues an award [Order] that violates a well-defined public policy, issues an award [Order] that violates a statutory right, fashions a remedy [Order] that is rationally related to the contract, or selects a remedy [Order] not authorized by law. <u>In other words</u>, an arbitrator exceeds his powers when he acts in a way not authorized by contract or law."* (***O'Flaherty vs. Belgum*** (App. 2 Dist. 204) 115 Cal.App.4th 1044 [wherein the Arbitrator's Order was <u>vacated</u>] [emphasis added].)

Therefore, the Arbitrators simply lack any power to *"order"* a third party such as the Campagne Law Firm to do anything like submitting to a search of the private property or a confidential computer system. As there is no legal authority or other basis giving the AAA any power over a third party, the *"order"* is completely without authority and must be vacated.

\\\

PAGNE, CAMPAGNE & LERNER A PROF. CORP. AIRPORT OFFICE CENTER 685 NORTH HELM AVENUE FRESNO, CALIFORNIA 93727 TELEPHONE (559) 255-1637 FAX (559) 252-9617

REPLY BRIEF IN SUPPORT OF THE LAW FIRM'S PETITION TO VACATE THE ARBITRATOR'S DISCOVERY ORDER TO ALLOW DEFENDANT ACCESS INTO THE LAW FIRM'S PRIVATE COMPUTER AND/OR FOR RE-HEARING AND/OR FOR PROTECTIVE ORDER

Page 7

### E. FCB's Plea That The Court Should *"Respect"* The Arbitrator By Enforcing Its *"Order"* Is Without Merit.

FCB spends a great deal time on its argument that the Court should *"respect"* the AAA and defer to its *"order."* (Opposition, 20:17-21:13.) In support of such argument, FCB cites case law that the Court should defer to an arbitrator's determination of relevance. (Id.) As stated above, the AAA has already granted GSB's motions in limine to preclude FCB from calling Mr. Campagne as a witness or using his file notes as evidence. (6/27/11 Order Granting Claimant Golden State Bank's *"Motions In Limine Nos. 1 & 2 To Exclude The Testimony Of Thomas Campagne and To Exclude Mr. Campagne's File Memoranda Regarding Telephone Conversations With Raymond King,"* Exhibit A to Doc. No. 87.) Thus, AAA has made it abundantly clear what it thinks of the relevancy of this entire line of inquiry.

More importantly, the Court's *"respect"* for the AAA does <u>not</u> grant the AAA powers over third parties, such as the Campagne Law Firm. The <u>only</u> power that the FAA provides to an arbitrator regarding third parties is the power to subpoena them and have them attend the arbitration hearing with or without records. (9 U.S.C. §7.) There is simply <u>no</u> provision in the FAA that gives an arbitrator the power to compel a third party law firm to submit to a physical entry into their private property, for accessing their confidential computer system, etc., regardless of the Court's *"esteem"* for the AAA.

### F. FCB's Objection To Characterizing Its Attempt To Access The Computer System Of Opposing Counsel As A "Fishing Expedition" Is Simply Unavailing.

As discussed above, the AAA has already granted GSB's motions in limine to preclude FCB from calling Mr. Campagne as a witness and/or using his file notes as evidence. (See, AAA's 6/27/11 Order Granting Claimant Golden State Bank's *"Motions In Limine Nos. 1 & 2 To Exclude The Testimony Of Thomas Campagne and To Exclude Mr. Campagne's File Memoranda Regarding Telephone Conversations With Raymond King,"* which is attached as Exhibit A to Doc. No. 87.) Nevertheless, FCB continues to push ahead with its attempt to access the confidential computer system of opposing

REPLY BRIEF IN SUPPORT OF THE LAW FIRM'S PETITION TO VACATE THE ARBITRATOR'S DISCOVERY ORDER TO ALLOW DEFENDANT ACCESS INTO THE LAW FIRM'S PRIVATE COMPUTER AND/OR FOR RE-HEARING AND/OR FOR PROTECTIVE ORDER

Page 8

counsel for no apparent purpose.

There is <u>no</u> broad right to discovery in arbitrations. *"The FAA does not give the same broad parameters to parties for discovery as those found in the Federal Rules of Civil Procedure."* (**Kennedy v. American Express Travel Related Services Co., Inc.** (S.D. Florida 2009) 646 F.Supp.2d 1342, 1345-1346.) Instead, the information sought must be *"material"* and *"evidence"* in order to be discoverable under 9 U.S.C. §7. *"The term 'material' and 'evidence' in §7 place a governor on discovery available to parties in arbitration and makes it impossible to maintain that Congress intended for parties in arbitration to have the same expansive breadth of discovery that parties in federal court enjoy."* (**Kennedy**, *supra*, at 1345-1346.)

The dispute concerns an alleged breach of a Participation Agreement. FCB apparently wants to prove that Attorney Campagne forged his own memos to his own file. FCB plans on calling opposing counsel (Campagne) to the witness stand after calling its own attorney (King) to testify, so that Mr. Campagne can then impeach FCB's attorney and then FCB can impeach Mr. Campagne with his own memos to his own file. This makes no sense and not surprisingly, GSB's Motions in Limine were granted so that FCB is precluded from having Mr. Campagne testify and is barred from attempting to introduce Mr. Campagne's file memos into evidence.

Because Mr. Campagne and his own file memos[1] have been expressly precluded from being introduced into evidence and simply have nothing to do with the issues in dispute, there is simply no purpose whatsoever to allow FCB to access opposing counsel's confidential computer system for the asserted purpose of attacking internal memos that have already been precluded from coming into evidence, as well as attacking

---

[1] Regarding FCB's arguments (that the attorney/client privilege does not apply to opposing counsel's attorney/client file, the work-product doctrine does not apply to opposing counsel's memoranda, and arguments that the **Spectra Physics, Inc. vs. Teledyne** (1988) 198 Cal.App.3d. 1487 case and related authority does not bar FCB from calling opposing counsel as a witness in the case), <u>these issues have been rendered moot</u> by the fact that the AAA has already ruled in GSB's favor and has precluded FCB from calling opposing counsel as a witness and attempting to use opposing counsel's internal file memoranda as evidence or from even using the deposition transcript of opposing counsel as evidence.

REPLY BRIEF IN SUPPORT OF THE LAW FIRM'S PETITION TO VACATE THE ARBITRATOR'S DISCOVERY ORDER TO ALLOW DEFENDANT ACCESS INTO THE LAW FIRM'S PRIVATE COMPUTER AND/OR FOR RE-HEARING AND/OR FOR PROTECTIVE ORDER

Page 9

1 the credibility of opposing counsel, when the arbitrators have already ruled that FCB
2 cannot call opposing counsel to the stand. Therefore, it is undeniable that the information
3 sought does not meet the *"material"* and *"evidence"* requirement in order to be
4 discoverable under 9 U.S.C. §7

### III. CONCLUSION

For the reasons stated above, The Law Firm of Campagne, Campagne & Lerner asserts that the AAA does not have jurisdiction or the legal authority to issue an *"Order"* allowing opposing counsel to invade and search through the Campagne Law Firm's computer network containing Golden State Bank's and other client's files. This Court is therefore asked to declare the AAA's order invalid; or to remand the issue back to another arbitrator (with directions) for reconsideration.

Dated: June 30, 2011

Respectfully submitted,

Campagne, Campagne & Lerner
A Professional Corporation

By _/s/ Thomas E. Campagne_
Thomas E. Campagne
Attorneys for Plaintiff Golden State Bank and
the Law Firm of Campagne, Campagne &
Lerner

jfh:F:\DATA\docs\Golden State Business Bank\Temecula Dispute\Pleadings\MPA-Discovery Order-Reply Brief-062911.doc

CAMPAGNE, CAMPAGNE & LERNER
A PROF. CORP.
AIRPORT OFFICE CENTER
685 NORTH HELM AVENUE
FRESNO, CALIFORNIA 93727
TELEPHONE (559) 255-1637
FAX (559) 252-9617

REPLY BRIEF IN SUPPORT OF THE LAW FIRM'S PETITION TO VACATE THE ARBITRATOR'S DISCOVERY ORDER TO ALLOW DEFENDANT ACCESS INTO THE LAW FIRM'S PRIVATE COMPUTER AND/OR FOR RE-HEARING AND/OR FOR PROTECTIVE ORDER

Page 10

# PROOF OF SERVICE

STATE OF CALIFORNIA, COUNTY OF FRESNO

I am a citizen of the United States of America, a resident of Fresno County, California, over the age of 18 years and not a party to the within-entitled action. My business address is 1685 N. Helm, Fresno, California 93727.

On June 30, 2011, I served the document named below on the parties in this action as follows:

DOCUMENT SERVED: **REPLY BRIEF IN SUPPORT OF THE LAW FIRM OF CAMPAGNE, CAMPAGNE & LERNER, A PROFESSIONAL CORPORATION'S (COUNSEL OF RECORD FOR PLAINTIFF GOLDEN STATE BANK) PETITION TO VACATE THE ARBITRATOR'S DISCOVERY ORDER TO ALLOW ACCESS INTO THE LAW FIRM'S PRIVATE COMPUTER SYSTEM AND/OR FOR RE-HEARING [Pursuant To Federal Arbitration Act 9 USC §10(a)(4) and §10(b); California Arbitration Act CCP §1285, 1286.2(a)(4) and 1287] AND/OR FOR PROTECTIVE ORDER [CCP §2025.420(b), CCP §2031.060, and FRCP §26(c)]**

__XX__ By placing a true and correct copy thereof in a sealed envelope(s) addressed as follows:

**Via Email**
Wayne Call
Call & Jensen
610 Newport Center Drive, Suite 700
Newport Beach, CA 92660
Telephone: (949) 717-3000
Facsimile: (949) 717-3100
Email: wcall@calljensen.com
[*Attorney for Defendant First Citizens Bank*]

The American Arbitration Association:
Hon. James M. Slater
   **[Via Email jslater0812@msn.com]**
Hon. Michael Berg
   **[Via Email jmberg@roadrunner.com]**
Hon. Warren Conklin
   **[Via Email warrenconklin@charter.net]**
Geneva O'Day
   **[Via Email odayg@adr.org]**

_____ **(By Overnight Courier)** I caused such envelope, with postage fully prepaid, to be sent by _____.

_____ **(By Certified Return Receipt Requested Mail)** I deposited the envelope, with postage fully prepaid for Certified Return Receipt Requested mail, with the United States Postal Service at Fresno, Fresno County, California.

_____ **(By Mail)** I deposited the envelope, with postage fully prepaid, with the United States Postal Service at Fresno, Fresno County, California.

_____ **(By Mail)** I placed the envelope for collection and processing for mailing following this business' ordinary practice with which I am readily familiar. On the same day correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service with postage fully prepaid.

_____ **(By Hand)** I caused each envelope to be delivered by hand.

_____ **(By Fax)** I caused each document to be sent by facsimile to the below-described number(s).

__XX__ **(By Electronic Mail)** I caused each envelope to be sent by electronic mail to the below-described email address(es).

_____ **(State)** I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

__XX__ **(Federal)** I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct, and that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on June 30, 2011, at Fresno, California.

*/s/ Jacqueline F. Hogan*

JACQUELINE F. HOGAN

CAMPAGNE, CAMPAGNE & LERNER
A PROF. CORP.
AIRPORT OFFICE CENTER
1685 NORTH HELM AVENUE
FRESNO, CALIFORNIA 93727
TELEPHONE (559) 255-1637
FAX (559) 252-9617

REPLY BRIEF IN SUPPORT OF THE LAW FIRM'S PETITION TO VACATE THE ARBITRATOR'S DISCOVERY ORDER TO ALLOW DEFENDANT ACCESS INTO THE LAW FIRM'S PRIVATE COMPUTER AND/OR FOR RE-HEARING AND/OR FOR PROTECTIVE ORDER